JOSÉ CABALLERO MEDINA, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 822. Argued November 3, 1930.—Decided July 13, 1931.

*R. H. Blondet* and *E. Díaz Santana* for appellant. The registrar did not appear.

MR. JUSTICE WOLF delivered the opinion of the Court.

In this case there are two petitions as well as two denials. The petitioner requested that one-half of a certain piece of property be recorded in the name of José Caballero Medina;

that the other half be recorded in the name of Félix, Felipa and Saturnino Viera-Curvelo; that an attachment in the sum of $2,500 be recorded in favor of José Caballero against Felix, Felipa and Saturnino Viera.

The record was denied in a note that said: "The record sought, of a piece of rural property (partially describing it), is denied because neither the plaintiff nor the defendants have any recorded share in the said land, which appears in the name of Zenón Díaz Varcárcel, and that the mandate presented was not a sufficient title for record, etc." From this denial petitioner appealed.

The petitioner also appealed from another denial and united the discussion of both appeals in a single brief. Strictly speaking, the appeals should have been separately filed and permission obtained from this Court to unite them or discuss them together. The idea of the petitioner, however, evidently was that much of the same documentation could be used for each appeal and that essentially the two might be considered together, as indeed they can.

The second appeal shows that the registrar refused a cancellation of certain records. The marshal of the District Court of San Juan was the bearer of an order from the court wherein certain records in favor of Félix, Felipa, and Saturnino Viera-Curvelo were ordered canceled. The record was denied in the following note:

"The cancellation decreed in the preceding order is denied for the following reasons: Because if the first record is canceled the following ones and the annotations derived from them would have also to be canceled, as decided by the Supreme Court in the case reported in 24 P.R.R. 660, which would cause severe prejudice to Zenón Díaz Varcárcel, Manuela Jubes the widow of López and Santos Sanchidrián, innocent purchasers who contracted with the person who according to the registry had the right so to contract (section 34 of the Mortgage Law); because from the record which is ordered to be canceled the cause of nullity does not appear (the cited section); because even if such persons were not innocent purchasers, as they are, their rights recorded and noted could not be canceled, inasmuch as

they were not parties in the suit in which the cancellation was ordered, nor were they ever heard as required by sections 171 and 172 of the mortgage regulations, and Santos Sanchidrián Jiménez stands in a similar situation, inasmuch as he has noted an attachment in his favor on the same property; and because no annotation was made in the registry in any way of the suit begun by José Caballero Medina against the brothers Viera Curvelo so that such caveat would be a notice to a third person and that a title acquired would be subject to the consequences of the suit (Ochoa vs. Hernández, 230 U. S. 139, 164; and 40 P.R.R. 641). Consequently, Zenón Díaz Varcárcel, Manuela Jubes the widow of López, and Santos Sanchidrián Jiménez could presume to have the right which the complainant said he had to the half of the property in question; and also the order of attachment is denied because the property with its content of thirty acres according to the registry, appears recorded in the name of Zenón Díaz Varcárcel, a person other than the defendants.''

The appellant argues that the property was recorded in favor of Félix Viera in a dominion proceeding with the curable defect that the name of the person alleged to be his father was not shown; that there were but two ways of acquiring property by inheritance, namely, by will or by a declaration of heirship in an intestate proceeding; that the curable defect was a notice to subsequent purchasers of a vice of nullity, and hence that they couldn't be third persons; that the registrar (meaning the former registrar) should have required the will or declaration of heirship and then would have discovered the alleged fraud subsequently declared by the court below and affirmed by this Court.

Naturally, curable defects put a purchaser on a certain amount of inquiry, and if in the course of that inquiry it transpires that the defects were incurable, then a purchaser or intending purchaser can not claim to be a third person.

In this appeal we do not propose to decide between the appellant and the registrar as to whether the subsequent purchasers were or were not third persons. It would be to anticipate a matter which is properly the subject of suit. In other words, there is a preliminary question or questions.

First, however, it seems convenient to draw attention again to the fact that the registry is ordinarily not the place where the fundamental rights of parties may be decided, especially against persons who have recorded titles and have never been subject to suit to annul them.

The petitioner failed to note his suit in the registry. Persons subsequently bought and had their titles recorded. Whether the curable defect was or was not in fact incurable makes no difference. When the defect is curable differently from an incurable defect subsequent purchasers under the law have, subject to the curable defect, a right of record.

Having such a record, their titles can not be canceled until this is ordered in a suit wherein they are notified and have an opportunity to defend. *Ochoa* v. *Hernández,* 230 U. S. 139.

The notes appealed from will be affirmed.